# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LUIS NITSCHE, | ) Case No. 1:17-cv-1037 |
| Petitioner | ) Judge Dan Aaron Polster |
| v. | ) **OPINION AND ORDER** |
| RONALD EDROS, | ) |
| Respondent. | ) |

Before the Court is the Report and Recommendation of Magistrate Judge Thomas M. Parker in the above-entitled action, **Doc #: 12**. The Magistrate Judge recommends the Court dismiss Petitioner Luis Nitsche's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a person in State Custody, Doc #: 4. On October 15, 2019, Nitsche timely filed objections to Magistrate Judge Parker's R & R. Doc #: 15.

The Court has reviewed the Magistrate Judge's R & R and agrees that grounds one, three, and four are procedurally defaulted. The Court further agrees that ground two does not present a decision contrary to or an unreasonable application of clearly established federal law.

Nitsche asserts in his Objections regarding ground one that his Double Jeopardy Clause claim has not been procedurally defaulted because his failure to raise Double Jeopardy in state court was the result of the prison librarian's refusal to notarize an affidavit necessary to file a motion to reopen his direct appeal under Ohio App. R. 26(B). However, Nitsche's motion to reopen his direct appeal did not include a Double Jeopardy Clause claim. Doc #: 11-1 at 238.

Thus, even if Nitche had his affidavit notarized and his motion to reopen had been granted, his Double Jeopardy Clause claim would still be procedurally defaulted.

In his remaining Objections Nitsche asserts arguments fully addressed by the Magistrate Judge. The Federal Magistrates Act requires a district court to conduct a de novo review of those portions of the R & R to which an objection has been made. 28 U.S.C. § 636(b)(1). However, an Objection to an R & R is not meant to be simply a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs. Roberts v. Warden, Toledo Correctional Inst., No. 1:08-CV-00113, 2010 U.S. Dist. LEXIS 70683, at *22, 2010 WL 2794246, at *7 (S.D. Ohio Jul. 14, 2010) (citation omitted); see Sackall v. Heckler, 104 F.R.D. 401, 402 (D.R.I. 1984) ("These rules serve a clear and sensible purpose: if the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate . . . ."); O'Brien v. Colvin, No. CIV.A. 12-6690, 2014 WL 4632222, at *3, 2014 U.S. Dist. LEXIS 129179, at *7–8 (E.D. Pa. Sept. 16, 2014) (collecting cases); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."). The Court need not afford de novo review to objections which merely rehash arguments presented to and considered by the magistrate judge.

Thus, the Court hereby **OVERRULES** Nitsche's Objections (Doc. # 15) and adopts the Report and Recommendation in full.  Accordingly, Nitsche's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS SO ORDERED.**

<u>*/s/ Dan Aaron Polster October 18, 2019*___</u>
**Dan Aaron Polster**
**United States District Judge**